UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTY RAY SOUTHER,<br><br>       Plaintiff,<br><br>    -against-<br><br>RUSSIAN; VA.; CHINA; DONALD TRUMP; SERETSIN OPRATIVES; JOANNE C. SMITH; CATHOLIC CHURCH; BILL & HILLERY CLINTONS; STATE DEPT.,<br><br>       Defendants. | 1:21-CV-7035 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Monty Ray Souther, who appears *pro se* and alleges that he is a homeless disabled veteran, asserts claims under the Court's federal question jurisdiction. He sues: (1) the Russian Federation (Russia); (2) the United States Department of Veterans Affairs (VA); (3) the People's Republic of China (China); (4) former President of the United States Donald Trump; (5) "Seretsin Opratives," which the Court understands to be "Serbian Operatives"; (6) Joanne C. Smith; (7) the Roman Catholic Church; (8) former President of the United States Bill Clinton; (9) former Secretary of State Hillary Clinton; and (10) the United States Department of State.

  In the section of his complaint in which he is supposed to state the federal constitutional or statutory rights that have been violated, Plaintiff states "freedom of religion – phone tapped – GPS tampered with." (ECF 2, at 2.) Plaintiff seeks the return of his passport "so [that he] can go home to Israel." (*Id.* at 8.)

  By order dated September 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff alleges the following: For over two years, unidentified individuals

> have placed a[n] audio implant [into Plaintiff] to control behavior against [Plaintiff's] will there are people who know of what [he] speaks – [Plaintiff has] been game stocked. [Plaintiff is] a 100% [disabled veteran] who suffers from [posttraumatic stress disorder] along with c[h]ronic pain as a result [President Trump has] har[rassed] [him]. Doctors at the VA told [Plaintiff that he has] a cancer . . . [for which there] is no known cure. [Plaintiff] went to a [doctor at the]

    VA who let [a] student doctor use [Plaintiff as] as a lab rat then he told [Plaintiff] that "you owe it to us to let us work on you."

(ECF 2, at 7.)

    Plaintiff cannot sleep – he is "constant[ly] running." (*Id.* at 8.) "[T]hey use [physic techniques] use med[ical] maryjane [sic]." (*Id.*) Plaintiff has suffered pain every day for more than 20 years, including foot pain that is constant.

## DISCUSSION

    Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's allegations present no basis for a legally viable claim. *See Denton*, 504 U.S. at 32-33; *Livingston*, 141 F.3d at 437.

    District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

    The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

    The Court directs the Clerk of Court to make a copy of this order available to Plaintiff via email and note service on the docket.[1]

---

    [1] Plaintiff alleges that he is homeless and provides no mailing address. But he does provide an email address in his complaint dond in his IFP application. (ECF 2, at 9; ECF 1, at 2.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 20, 2021
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge